# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC,<br><br>Plaintiff,<br><br>v.<br><br>IRONX LLC, et al,<br><br>Defendants. | Case No.: 17-CV-839-JLS (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY ON DAMAGE ISSUES**<br><br>(ECF No. 11) |

Presently before the Court is Plaintiff Nutrition Distribution LLC's Motion for Leave to Conduct Discovery on Damage Issues ("MTN," ECF No. 11). Plaintiff's Motion is unopposed. The Court vacated the scheduled hearing and took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 12.) For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

Plaintiff filed its Complaint against Defendants for false advertising in violation of section 43(a)(1)(B) of the Lanham Act. ("Compl.," ECF No. 1, at 7.)[1] In its Complaint, Plaintiff requests, among other things, an award of compensatory damages, of Defendants' profits arising from the alleged improper acts pursuant to 15 U.S.C. § 1117, and restitution of Defendants' ill-gotten gains. (Compl. 8.) Plaintiff obtained a default against Defendants on August 4, 2017. (ECF No. 10.) The Clerk of Court entered the default as it appeared

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

from the record that summons of the Complaint had been served on Defendants, and Defendants failed to plead or otherwise defend the action. (*Id.*) Plaintiff now moves for leave to conduct discovery in order to establish Defendants' profits for purposes of its anticipated second motion for default. (MTN 1.)

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, entering a default judgment is a two-step process. *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Prior to entry of a default judgment, there must be an entry of a default. Upon entry of a default, the factual allegations of the complaint, except for those relating to the amount of damages, are taken as true. Fed. R. Civ. P 8(b)(6); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

After entry of default, a district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may conduct hearings if it needs to determine the amount of damages to be awarded. Fed. R. Civ. P. 55(b)(2); *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ("In assessing damages, the court must review facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default.").

Trademark infringement plaintiffs may recover (1) defendant's profits; (2) damages sustained by the plaintiff; and (3) the costs of the action. *See* 15 U.S.C. § 1117(a). Plaintiffs must meet a heightened level of proof of injury to recover money damages. *See Porous Media Corp. v. Pall Corp.*, 110 F.3d 1329, 1335 (8th Cir. 1997). "In a suit for damages under section 43(a) [of the Lanham Act] . . . actual evidence of some injury *resulting from the deception* is an essential element of plaintiff's case." *Harper House, Inc. v. Thomas Nelson, Inc.,* 889 F.2d 197, 210 (9th Cir. 1989).

## ANALYSIS

Plaintiff requests leave to conduct discovery in order to ascertain the existence and amount of damages. (MTN 3.) Plaintiff states it intends to seek discovery on the online

2

17-CV-839-JLS (JMA)

payment gateway services used by Defendants (such as PayPal), and any institutions with which Defendants hold financial accounts, in order to ascertain Defendants' revenue from its sales of allegedly falsely advertised products. (*Id.* at 4.)

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery. A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . [unless] authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Federal Rule of Civil Procedure 55(b)(2) also provides that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate [default] judgment, it needs to: . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2). Other courts have allowed discovery on the issue of damages after the entry of default. *See Oakley Inc. v. Moda Collection*, *LLC,* No. SACV 16-160-JLS (JCGx), 2016 WL 7495835, at *8 (C.D. Cal. June 9, 2016) (granting leave to conduct limited discovery); *Alstom Power, Inc. v. Graham*, No. 3:15–cv–174, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016) (allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages for its three causes of action"); *Tristrata Tech., Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del. 2010) (noting the plaintiff was granted same); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790–91 (E.D. Mich. 2004) (granting same); *Advantage Media Grp. v. Debnam*, No. 1:10cv95, 2011 WL 2413408, at *1 (M.D.N.C. June 10, 2011) (noting that the court had previously declined to enter a default judgment until after plaintiffs had engaged in discovery on damages). Further, attached to Plaintiff's Request for Judicial Notice are two orders by the District Court of Arizona authorizing Plaintiff to conduct discovery to ascertain damages after entry of default in two other Lanham Act matters. (MTN RJN, ECF No. 5-2.)

Accordingly, the Court **GRANTS** Plaintiff leave to conduct discovery to ascertain the existence and amount of damages. The Court **ORDERS** Plaintiff to file a discovery

\ \ \

\ \ \

\ \ \

3

17-CV-839-JLS (JMA)

motion with the magistrate judge assigned to this matter <u>within ten days of the date on which this Order is electronically docketed.</u>

**IT IS SO ORDERED.**

Dated: October 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge